J-A11041-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARIO WILLIAM SACCUCCI | : | |
| | : | |
| Appellant | : | No. 1571 MDA 2025 |

Appeal from the Judgment of Sentence Entered October 15, 2025
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000712-2024

BEFORE: BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: JULY 16, 2026**

Mario William Saccucci ("Appellant") appeals from the judgment of sentence imposed following his plea to one count of harassment, graded as a summary offense. Appellant's counsel, Michael J. Light, II, Esq. ("Attorney Light"), has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). After review, we conclude that the brief is deficient. We thus deny the petition and direct counsel to file either a compliant ***Anders*** brief or an advocate's brief.

On April 30, 2024, Lebanon City Police Department Officer Adam Rusz filed a criminal complaint. Because no factual summary was presented during the plea proceedings, we rely on the affidavit of probable cause. According to that document, Appellant went to the Lebanon County Courthouse on April 10, 2024, and filed a Protection From Abuse ("PFA") petition against his ex-

wife, Lauren Saccucci. Appellant listed his address as 329 Acorn Circle in Lebanon. Lauren informed Officer Rusz "that this address was not [his] residence" and that Appellant "resides in Litiz[, Pennsylvania]." Officer Rusz visited the listed address and learned from the occupants that Appellant "never lived at this address and that [Appellant] was there one time." Affidavit of Probable Cause, 4/30/24, at 1. The form Appellant signed required the applicant to verify that the facts and statements are true and correct, and that "any false statements are made subject to the Penalties of 18 Pa.C.S. [§] 4904, relating to unsworn falsification to authorities." *Id.* at 1 (quoting form signed by Appellant). The complaint filed one count under that statute, graded as a misdemeanor of the third degree.

Appellant failed to appear for the preliminary hearing and a warrant was issued. The charge was held for court in his absence. *See* Pa.R.Crim.P. 543(D)(3)(a) (authorizing preliminary hearing to proceed without defendant upon finding absence is without cause and after notice). Appellant failed to appear for several proceedings, resulting in bench warrants and several instances of apprehension.

On November 7, 2024, Appellant waived formal arraignment and applied for court-appointed counsel. Attorney Light entered his appearance. The matter was postponed several times and on October 15, 2025, the Commonwealth submitted an amended criminal information charging Appellant with one count of harassment, 18 Pa.C.S. § 2709(a)(3), graded as a summary offense. Amended Criminal Information, 10/15/25. That same

day, Appellant entered a guilty plea. The trial court read the statutory language and asked Appellant, "Do you understand that charge?" N.T., 10/15/25, at 2. Appellant replied, "I understand it, yes." *Id.* The court asked, "And are you pleading guilty because you committed that offense, that [s]ummary offense?" *Id.* at 3. Appellant answered, "I'm pleading guilty because I feel this is my best course of action." *Id.* The trial court did not ask for a factual summary from the Commonwealth or discuss the allegations. The trial court explained that the applicable maximum sentence was 90 days' incarceration or probation, or a fine of up to $300. *Id.*

Attorney Light stated, "The only thing, Your Honor, is … a potential for some credit" due to his incarceration for his failures to appear. *Id.* Attorney Light stated he had requested records from the correctional facility to determine how many days Appellant spent in jail but "[Appellant] does not have any credit according to their records." *Id.* Attorney Light then requested "a fine in this matter[.]" *Id.* The trial court sentenced Appellant to "pay a fine of $300." *Id.* at 4. Following a brief discussion of where orders would be sent and how payments would be made, Appellant personally interjected.

> [APPELLANT]: Your Honor, just in light with the credit there, apparently there's no record of it. There was two or three days –
>
> THE COURT: Do you want me to sentence you to jail or give you probation?
>
> [APPELLANT]: No, Your Honor.
>
> THE COURT: Okay good, because that's the only way that comes in here.
>
> [APPELLANT]: That's the only time that comes into play?

- 3 -

THE COURT: That's when it comes into play.

[APPELLANT]: Okay.

THE COURT: I didn't sentence you to jail time so there's no need for credit.

*Id.* at 5-6.

Appellant filed a timely notice of appeal accompanied by a Pa.R.A.P. 1925(b) concise statement raising two issues: (1) the sentence was illegal under 42 Pa.C.S. § 9760 (governing time credit for time spent in custody), and (2) Appellant "was coerced of [*sic*] accepting a fine in lieu of more jail time." Concise Statement, 11/10/25.

The trial court examined the record and calculated that, due to Appellant being detained at various times on his warrants he "may have been eligible for four days [of] time credit." Trial Court Opinion, 12/19/25, at 4. The court concluded that this issue was meritless because "considering the sentence imposed here was a fine with no jail time, time credit is not applicable." *Id.*

Addressing the coercion claim, the trial court pointed out that Attorney Light requested that the trial court impose a fine, and "the record is void of any evidence to support the … claim that he was coerced into accepting the fine in lieu of jail time." *Id.* at 5.

Attorney Light has filed an *Anders* brief and accompanying petition to withdraw. Before examining the merits of the appeal, we must first determine whether counsel has satisfied the procedural and substantive requirements attendant to the withdrawal process. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). ("When faced with a

- 4 -

purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw."). "Substantial compliance with the ***Anders*** requirements is sufficient." ***Commonwealth v. Redmond***, 273 A.3d 1247, 1252 (Pa. Super. 2022). If counsel has substantially complied with the requirements, we then review the entire record, beginning with issues raised by counsel. ***See Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). We will grant the petition to withdraw and affirm the judgment of sentence if we agree with counsel's assessment and find no additional non-frivolous issues that could be raised.

We begin with the procedural requirements. Counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [***Anders***] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

***Commonwealth v. Blango***, 327 A.3d 670, 675 (Pa. Super. 2024) (bracketing in original; citation omitted).

We conclude that counsel has complied with these three requirements. Attorney Light filed a separate petition to withdraw, explaining that he "believes Appellant's issues are meritless[.]"[1] Petition to Withdraw, 1/12/26,

_____

[1] "The terms 'wholly frivolous' and 'without merit' are often used interchangeably in the ***Anders***[] brief context. Whatever term is used to
*(Footnote Continued Next Page)*

- 5 -

at ¶ 2. The petition states that Appellant was informed by letter of his right to obtain "private counsel, proceed *pro se*, or file anything that he believes is deserving for [the Superior Court's] consideration in support of his appeal." *Id.* ¶ 3. Attorney Light attached a copy of this letter to brief as required by ***Commonwealth v. Millisock***, 873 A.2d 748, 749 (Pa. Super. 2005), which states that Attorney Light sent Appellant a copy of the ***Anders*** brief.[2]

Having concluded that Attorney Light complied with the procedural requirements, we now examine the ***Anders*** brief.

> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

describe the conclusion an attorney must reach as to the appeal before requesting to withdraw and the court must reach before granting the request, what is required is a determination that the appeal lacks any basis in law or fact." ***McCoy v. Ct. of Appeals of Wisconsin, Dist. 1***, 486 U.S. 429, 439 n.10 (1988). We find the term "meritless" as used by Attorney Light sufficiently analogous to meet the substantial compliance requirement, especially in light of the ***Anders*** brief itself, which does use the term frivolous.

[2] Appellant has not responded.

*Commonwealth v. Schmidt*, 165 A.3d 1002, 1006 (Pa. Super. 2017) (citing *Santiago*, 978 A.2d at 361).

We conclude that the **Anders** brief submitted to this Court by Attorney Light is non-compliant.  Specifically, the brief fails to establish that Attorney Light independently reviewed the record.  Reviewing all the materials, it appears that counsel only examined the issues Appellant personally wished to pursue.

Specifically, the **Anders** brief states, under the summary of the argument heading: "Appellant believes that his sentence was illegal, the trial court committed an abuse of discretion, and/or committed an error of law. Undersigned counsel has not found any case law which supports this conclusion and/or averment and believes it is without merit." **Anders** Brief at 4.  This indicates that Attorney Light tied his assessment of the appeal only to the specific issues Appellant wished to raise.

The Rule 1925(b) statement indicates the same.  That statement prefaced the two issues presented with the language: "Defendant believes . . .".  **See** Statement at 11/10/25, ¶¶ 1, 2.  The next sentence states: "Undersigned counsel intends to file an **Anders** Brief and Motion to Withdraw in this matter." **Id.**  This likewise suggests that Attorney Light filed a Rule 1925(b) statement intended to preserve the issues that Appellant wanted to

pursue.[3]    Finally, the petition to withdraw states: "Petitioner believes Appellant's issues are meritless and filed an *Anders* brief."   Petition to Withdraw, 1/12/26, at ¶ 2.   Again, "issues" apparently refers to the issues Appellant wanted to raise as opposed to a conclusion that an appeal is frivolous.

The *Santiago* Court explained the need to expand review to the whole record, and not just the issues the client wants to raise:

> Counsel did not, however, advert to his own review of the record or flag anything in the record that he himself saw as having some chance of prevailing on appeal, but which he ultimately rejected as frivolous.   Nor did counsel state that there were no such references for him to make.   Without one or the other, we are not assured, as *Anders* requires, that counsel fully performed his duty as Santiago's advocate to independently search the record as a trained advocate with an eye to uncovering appealable error, before concluding that Santiago's appeal was frivolous.   Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.   The universe of potential claims is not limited to those claims and testimony that counsel's unschooled client believes the court should consider.   Therefore, we hold that the brief counsel presently submitted was insufficient.

---

[3] We note that Rule 1925(c)(4) permits an attorney to declare his or her intent to withdraw on appeal.   However, that language does not textually contemplate preserving the issues that the appellant wants to pursue.   In *Commonwealth v. Flores*, 909 A.2d 387, 390 (Pa. Super. 2006), *overruled by Commonwealth v. Goodwin*, 928 A.2d 287 (Pa. Super. 2007) *(en banc)*, a case preceding the adoption of Rule 1925(c)(4), we explained that "*Anders* seeks to ensure that an attorney, while believing the appeal is frivolous and while seeking to withdraw, will nonetheless preserve the arguable issues that the client might want to pursue *pro se* or by new counsel." *Id.* at 390.   Thus, "counsel is obligated to preserve those arguable claims so that the appellant can pursue them after *Anders* counsel withdraws." *Id. Flores* was overruled as inconsistent with Rule 1925(c)(4).

***Santiago***, 978 A.2d at 360.

We conclude that the ***Anders*** brief here suffers from the same defect. The only indication that Attorney Light conducted an independent review of the record in this case is a recitation of the ***Santiago*** requirements, followed by an assertion that "counsel believes that he has complied with all of the requirements[.]" ***See Anders*** Brief at 5. We do not find that quoting the requirements listed in the standard paired with a subjective assessment that the review was complete is sufficient. To the extent there is any uncertainty concerning the scope of counsel's review, we conclude that the several references to the issues Appellant personally wanted to raise supports a conclusion that Attorney Light did not conduct an independent review of the entire record.[4]

---

[4] As a result of this finding, we do not proceed to a merits review of the issues addressed in the brief nor conduct an independent review. However, in setting forth the basic history of this case we had to consult the affidavit of probable cause as the guilty plea colloquy did not discuss the facts at all. Additionally, while the court asked Appellant if he committed the offense, Appellant essentially offered a "no contest" plea, as he stated, "I'm pleading guilty because I feel this is my best course of action." N.T., 10/15/25, at 3. The trial court did not address whether the facts, if proven, would satisfy the elements of the offense. Indeed, the trial court later stated, "You entered a guilty plea here but it's really a no contest plea." ***Id.*** at 6.

We recognize that this case was comparatively low stakes due to it relating to a summary offense and Appellant had expressed a desire to simply end the proceedings. This is a valid reason to accept a plea. "A defendant may plead guilty for any reason: to shield others, avoid further exposure, to diminish the penalty, to be done with the matter, or any secret reason that appeals to his needs." ***Commonwealth v. Anthony***, 475 A.2d 1303, 1307 (Pa. 1984). But when "no facts underlying the alleged offense are adduced at the time the

*(Footnote Continued Next Page)*

Accordingly, Attorney Light shall, within thirty days of the filing date of this decision, file either a proper **Anders** brief and petition to withdraw or an advocate's brief. Appellant and the Commonwealth may respond within thirty days of the amended brief.

Petition to withdraw denied. Panel jurisdiction retained.

_____

guilty plea is entered, there is no factual basis for the trial judge to accept the plea." **Commonwealth v. Hines**, 437 A.2d 1180, 1183 (Pa. 1981). We do not suggest that this claim is worthy of a merits brief; we highlight that point only to reiterate the value (and necessity) of, _inter alia_, conducting a complete review of the record.